*EXHIBIT 1*

# CLASS ACTION SETTLEMENT AGREEMENT

Subject to final approval by the Court and in exchange for valuable consideration as set forth herein, this Class Action Settlement Agreement (the "Agreement") dated as of December 8, 2015 is entered into by and between Andréa Spence (the "Class Representative" or "Plaintiff"), on behalf of herself and the Settlement Class Members as defined herein, and Cavalry Portfolio Services LLC ("CPS") and Cavalry SPV I, LLC ("SPV") (collectively "Cavalry" or "Defendants").

**WHEREAS**, Ms. Spence filed a class action complaint against Cavalry in the Suffolk County Superior Court on March 13, 2014, Case No. 2014-00850BLS2, which was removed to this Court on June 26, 2014, and which alleged, *inter alia*, certain violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq.,* and Chapter 93A, with respect to the assessment of and or collection of interest on charged off credit card accounts SPV purchased from FIA Card Services, N.A. (the "Litigation");

**WHEREAS,** Cavalry denies the material allegations made in the Litigation and denies any and all liability with respect to the allegations made in the Litigation and further denies that the Settlement Class Members have suffered any damage or are entitled to any recovery;

**WHEREAS,** Class Counsel have conducted an extensive investigation into the facts and law relating to the Litigation, through both formal and informal discovery, including document requests, interrogatories, Rule 30(b)(6) depositions, and a third party deposition;

**WHEREAS,** based on their review and analysis of the relevant facts and legal principles, Class Counsel believe that, in consideration of all the circumstances and after prolonged and serious arms' length settlement negotiations, the terms and conditions

embodied in this Settlement are fair, reasonable, and adequate, and beneficial to and in the best interests of the Class Representative and the proposed Settlement Class (as defined below), based upon the following substantial benefits that the Settlement bestows upon the Settlement Class:

(i)      Cavalry will pay $550,333 into a Settlement Fund which will be used to provide monetary relief to Settlement Class Members, as described below, and subject to Court approval:

    a. Settlement Class Members who paid to Cavalry any Prepurchase Interest, as defined below, will be entitled to a full refund of Prepurchase Interest Paid, as defined below;

    b. Settlement Class Members who did not pay any Prepurchase Interest will be entitled to a payment of $20; and

    c. Plaintiff, as the Class Representative, will receive an incentive payment of $7,500;

    d. Settlement Class Members from whom Cavalry sought to collect Prepurchase Interest within the time period beginning on or after March 13, 2013 will be entitled to an additional, equal share of the Settlement Fund remaining after deduction for refunds, the $20 payments, and the incentive payment, described in (a), (b), and (c).

(ii)     For All Settlement Class Members for whom Cavalry still owns and/or services their accounts, Cavalry will forgive all Prepurchase Interest remaining on their Accounts, an amount that exceeds $2 million in total;

(iii)    Cavalry will pay the costs of class notice and administration of the Settlement Agreement;

(iv)    Cavalry will pay attorneys' fees of up to $275,167 and costs of $9,000, subject to Court approval.

**NOW THEREFORE,** in consideration of the covenants and agreements contained in this Settlement Agreement, and subject to approval by the Court as provided herein pursuant to Fed. R. Civ. 23, the Class Representative, the Settlement Class, and Cavalry agree to the settlement of the Litigation, and that the Litigation and the Settled Claims against the Released Persons are fully and finally compromised, settled and released and that the Litigation shall be dismissed with prejudice subject to the following terms and conditions:

# I.    <u>DEFINITIONS.</u>

The following terms shall have the following meanings in this Settlement Agreement and the annexed exhibits.

1.01.    "Account" means a credit card account purchased by Cavalry SPV I, LLC from FIA Card Services, Inc., on which a Settlement Class Member is named as the obligor.

1.02.    "Agreement" means this Settlement Agreement.

1.03.    "Class Counsel" means Charles Delbaum and Stuart Rossman of the National Consumer Law Center and the Elizabeth Ryan and John Roddy of Bailey & Glasser LLP.

1.04.    "Class Period" means the period from March 14, 2010 through the present.

1.05.    "Cavalry" means Cavalry Portfolio Services, LLC and Cavalry SPV I, LLC, collectively.

1.06    "CPS" means Cavalry Portfolio Services, LLC.

1.07.    "Distribution Date" means twenty (20) days after the Effective Date.

1.08.    "Effective Date" of this Agreement means the date after the entry by the Court of the Final Order Approving Class Action Settlement (the "Final Approval Order") and (a) when the applicable period for the filing or noticing of an appeal of such Final Approval Order shall have expired without an appeal having been filed; or (b) if an appeal is taken, upon entry of an order affirming the Final Approval Order and when the applicable period for the filing or noticing of an appeal or petition for review of such affirmance of the Final Approval Order shall have expired without a further appeal or petition for review having been filed, or upon entry of any stipulation dismissing any such appeal with no right of further prosecution of the appeal; or (c) if an appeal is taken from or a petition for review is filed relating to any decision affirming the Final Approval Order, upon entry of an order in such appeal finally affirming the Final Approval Order or dismissing such petition for review

without right of further appeal or upon entry of any stipulation dismissing any such appeal with no right of further prosecution of the appeal.

1.09. "Notice" means the Notice of Proposed Settlement, substantially in the form of Exhibit A.

1.10. "Parties" means the Class Representative, the Settlement Class and Cavalry.

1.11. "Preliminary Approval" of this Agreement means that the Court has entered an order, substantially in the form of Exhibit B to this Agreement, conditionally certifying a settlement class and preliminarily approving the terms and conditions of this Agreement, including the manner of providing notice to the Settlement Class.

1.12. "Prepurchase Interest" means interest CPS assessed on a Settlement Class Member's Account for a time period after the Account was charged off by FIA and prior to the date SPV purchased the Account.

1.13. "Prepurchase Interest Paid" means the amount paid by a Settlement Class Member, if any, that exceeds the sum of (a) the charge-off balance of the Account plus (b) the amount of interest assessed post charge-off by FIA (if applicable), and (c) the amount of interest assessed by CPS applicable to any time period post-acquisition.

1.14. "Released Claims" means and includes any and all claims, demands, actions, causes of action, rights, offsets, suits, damages, lawsuits, liens, costs, losses, expenses or liabilities of any kind whatsoever, for any relief whatsoever, whether known or unknown, arising from the facts alleged in the Amended Complaint.

1.15. "Released Persons" are defined to include Cavalry Portfolio Services, LLC and Cavalry SPV I, LLC, their affiliates, and all of their respective members, officers,

directors, affiliates, subsidiaries, parents, partners, insurers, employees, associates, trustees, agents, accountants, attorneys, predecessors, successors and assigns.

1.16.   "Settlement Administrator" means Kurtzman Carson Consultants, LLC, the independent class action settlement administration company retained by Cavalry for purposes of administering the Settlement.

1.17.   "Settlement Class Members" means those individuals who meet the class definition contained in paragraph 2.01 and who have not timely and validly excluded themselves from the Settlement pursuant to paragraph 5.04. (The Settlement Class Members are also referred to collectively as the "Settlement Class").

1.18.   "Settlement Fund" means the sum of $550,333, which Cavalry will provide the Settlement Administrator for purposes of implementing this Settlement, and which will be used to provide monetary relief to Settlement Class Members. The Settlement Fund shall be held in a segregated, interest bearing account to be established by the Settlement Administrator. The Settlement Fund shall also include amounts payable to the Settlement Fund pursuant to Paragraph 4.02(b), if any.

1.19    "SPV" means Cavalry SPV I, LLC.

## II.    CERTIFICATION OF SETTLEMENT CLASS.

2.01.   <u>Class Certification For Settlement Purposes</u>. For the purposes of settlement and the proceedings contemplated herein, the Parties stipulate and agree that a Settlement Class as set forth below shall be conditionally certified, that Andréa Spence shall be the Class Representative and her counsel of record, Elizabeth Ryan and John Roddy of Bailey & Glasser LLP, and Charles Delbaum and Stuart Rossman of the National Consumer Law Center, shall be appointed as Class Counsel for the Settlement Class. The Settlement Class is

composed of: (a) all individuals who at any time during the Class Period maintained an address in Massachusetts; (b) whose credit card debt SPV purchased from FIA Card Services, Inc.; (c) where FIA Card Services, Inc. had ceased charging interest to the debt prior to SPV's purchase; (d) CPS added interest for a period prior to the date SPV purchased the debt; and (e) during the Class Period CPS sought to collect such additional Prepurchase Interest, and/or reported a balance including such interest to a credit reporting agency; (f) against whom Cavalry has not obtained a judgment or release as of the date of this Agreement; and/or (g) who have not filed for or obtained a discharge in bankruptcy applicable to the Account.

2.02.    In connection with the application for Preliminary Approval of this Agreement, the Parties shall request that the Court enter an order in the form annexed hereto as Exhibit B, *inter alia*, conditionally certifying a Settlement Class in accordance with the definition of paragraph 2.01, appointing the Plaintiff as the Settlement Class Representative and appointing her counsel of record as Class Counsel, and granting Preliminary Approval to the Settlement.

### III.    **RELIEF FOR SETTLEMENT CLASS MEMBERS**.

3.01    <u>Monetary Relief</u>. To resolve this litigation, the following relief will be provided to Settlement Class Members:

a.    Within 10 days of the Effective Date, Cavalry will provide to the Settlement Administrator the sum of $550,333 (the Settlement Fund). This Settlement Fund shall be used to provide monetary relief to Settlement Class Members, as described below, and an incentive award to the Class Representative of $7,500, subject to Court approval.

b.    Within 10 days of Cavalry's deposit of the Settlement Fund with the Settlement Administrator, the Settlement Administrator will issue checks to Settlement Class

Members for each class members' Settlement Share, calculated in accordance with paragraph (c) below;

   c.  Each Settlement Class Member shall be entitled to the following Settlement Share:

     (i) the greater of either Prepurchase Interest Paid or $20.00; and

     (ii) if Cavalry attempted to collect on the Settlement Class Member's Account on or after March 13, 2013, an equal share of the Settlement Fund remaining after deduction of the Incentive Award and the amounts described in paragraph (i) above.

   d.  Within 10 days of the Effective Date Cavalry shall permanently abandon and forgive any claim to any Prepurchase Interest remaining on Settlement Class Members' Accounts still owned and/or serviced by Cavalry, shall cease efforts to collect such amounts, and shall reduce the balances on the Accounts accordingly. Such reduction shall not constitute a credit or payment on the Account for statute of limitations purposes; and

   e.  Within 45 days of the Effective Date, as to any Settlement Class Member Account for which Cavalry is currently furnishing information to a consumer reporting agency, such as Equifax, Experian, Transunion, and Innovis (collectively "credit reporting agencies"), Cavalry shall transmit a request by tape, other electronic media, or manual method to reflect the removal of any Prepurchase Interest from the Accounts of the Settlement Class Members. If, after at least 90 days from the Effective date, one or more of the credit reporting agencies does not make the requested changes, upon written request by Class Counsel or the Settlement Class Member, Cavalry shall complete and submit to such agency or agencies a universal data form reflecting the removal of any Prepurchase Interest for any member of the Settlement Class promptly. Cavalry shall only be required to make up

to two requests to the credit reporting agencies with respect to any particular Settlement Class Member, and Cavalry shall have no further obligation to take further steps to insure that the credit reporting agencies reduce the balances of Settlement Class Members' Accounts to reflect the forgiven interest.

3.02. <u>Attorneys' Fees And Costs</u>.

(a)     Also within 10 days of the Effective Date, Cavalry will provide to the Settlement Administrator an additional sum of $284,167. This amount shall be used by the Settlement Administrator to pay attorneys' fees and costs, as approved by the Court;

(b) The Parties understand that the Class Representative intends to apply to the Court for approval of an award of attorneys' fees and expenses from the Settlement Fund in an amount not to exceed $275,167, plus costs of $9,000. Cavalry agrees not to oppose any request for fees and expenses up to these amounts. The Settlement Administrator shall pay the amount of attorneys' fees and expenses awarded by the Court subject to the terms of this Settlement. Any attorneys' fees and expenses so awarded shall be payable upon the Distribution Date. Any amount from the $284,167 that is not paid out in attorneys' fees and costs shall revert to the Settlement Fund.

(c) The Parties understand that the Class Representative intends to apply to the Court for approval of an incentive award in the amount of $7,500. Cavalry agrees not to oppose any request up to and including $7,500.

## IV. IDENTIFICATION OF SETTLEMENT CLASS MEMBERS AND AMOUNTS OF PREPURCHASE INTERST.

4.01.  Cavalry represents that to the best of its knowledge based on its thorough review of its records of customer accounts, including electronic records, that the Settlement Class contains approximately 10,000 persons; that the total amount of outstanding Prepurchase Interest assessed against the Settlement Class exceeds $2 million, and that the total amount of Prepurchase Interest Paid by Settlement Class Members totals approximately $140,000.

4.02.  No later than ten (10) calendar days after entry of the Preliminary Approval Order, Cavalry will produce an electronic list (the "Class List") for the Settlement Administrator and Class Counsel containing:

(a) the name, account number, and last known addresses in Cavalry's system of each Settlement Class Member as of the date of the entry of the Preliminary Approval Order,

(b) the amount of Prepurchase Interest Paid by each Settlement Class Member, if any,

(c) the amount of Prepurchase Interest currently outstanding on the Account; and

(d) for each Settlement Class Member, whether Cavalry sought to collect on the Account during the period March 13, 2013 to March 13, 2014.

The Settlement Administrator will update each Settlement Class Member's last known address through the United States Postal Service National Change of Address (NCOA) database, and, if needed, by performing a search through Accurint or similar service. Such information shall be provided solely to assist the Administrator in locating valid addresses where necessary. Cavalry will thereafter respond to reasonable written inquiries, if any, by Class Counsel concerning the procedures used in updating and maintaining the list of Settlement Class Members.

4.03. <u>Affidavits Regarding Settlement Class Member Identification and Pre-purchase Interest Payments</u>.

a. Within 20 days of Preliminary Approval of the Settlement Agreement, Cavalry will provide Class Counsel with an affidavit which provides: (i) a description of the process used to identify Settlement Class Members; (ii) a description of the process used to determine for each Settlement Class Member the amount of Prepurchase Interest Paid; (iii) a description of the process used to determine as to each Settlement Class Member whether Cavalry sought to collect on the Account on or after March 13, 2013; (iii) attestation that the total amount of Prepurchase Interest forgiven exceeds $2 million.

b. Within 10 days of the entry of the Final Approval Order, Cavalry shall provide an affidavit that the amounts of outstanding Prepurchase Interest on Settlement Class Members Accounts have been forgiven, and that the Account balances have been adjusted accordingly, from an individual with knowledge of the process.

## V.    **CLASS SETTLEMENT PROCEDURES**.

5.01. <u>Motion for Preliminary Approval</u>. Within seven (7) days after the signing of this Agreement, Class Counsel shall file a motion for preliminary approval of the proposed settlement, which Cavalry agrees not to oppose, requesting the entry of an order in the form annexed hereto as Exhibit B, providing, among other things:

(a) That the Settlement is preliminarily approved as being within the range of reasonableness such that notice thereof should be given to the Settlement Class;

(b) That for purposes of settlement only, the requirements for provisional certification of the Settlement Class have been satisfied, this action shall be maintained and proceed as a class action, pursuant to Fed. R. Civ. P. 23, on behalf of the Settlement Class, and Andréa Spence shall be appointed as Class Representative and her attorneys appointed as Class Counsel;

(c)     That the notice of proposed class action settlement substantially in the form attached as Exhibit A, is approved by the Court; and that the mailing of the Notice in the manner and form set forth in the Order meets all the requirements of Fed. R. Civ. P. 23 and any other applicable law, constitutes the best notice practicable under the circumstances, and shall constitute valid, due and sufficient notice to all persons entitled thereto;

(d)     That deadlines shall be established consistent with this Settlement for mailing of the Notices, the filing of any objections, the filing of any requests to be excluded or to opt-out, the filing of any motions to intervene, and deadlines for the filing of any papers in connection with the Final Approval Hearing and the consideration of the approval or disapproval of the Settlement;

(e)     That any objections by the Settlement Class to: (i) the certification of the Settlement Class and the proposed settlement contained in the Settlement Agreement and described in the Notice, and/or (ii) the entry of the Final Approval Order, shall be heard and any papers submitted in support of such objections shall be considered by the Court at the Final Approval Hearing only if, on or before a date (or dates) to be specified in the Notice and Preliminary Approval Order, such objector timely files a written objection to the Settlement, states the basis for such objection, and serves copies of the foregoing and all other papers in support of such objections upon counsel for the Parties identified in the Notice so that such papers are actually received by such counsel by the date set by the Court. Any objections must be filed with the Court on or before the date specified in the Notice, which shall be no later than 45 days after the mailing of the Notices;

(f)     That any person who wishes to opt out of the Settlement shall mail a notice of intention to opt-out to the Settlement Administrator on or before a date specified in the Notice and Preliminary Approval Order. The notice of intention to opt out shall: (i) set forth the Settlement Class Member's full name, current address and telephone number; and state the intent of each obligor not to participate in the Settlement. The notice of intention to opt out shall be postmarked on or before the date specified in the Notice, which shall be no later than 45 days after the mailing of the Notices;

(g)     That Class Counsel's application for an award of fees and expenses, with supporting affidavits and exhibits, shall be submitted at least 10 days prior to the Final Approval Hearing;

(h)     That the Preliminary Approval Order substantially in the form of Exhibit B to the Settlement Agreement is preliminarily approved;

(i)     That a hearing or hearings shall be held before the Court, at the respective time and date to be set by the Court, to consider and determine whether the requirements for final certification of the Settlement Class have been met and whether the proposed Settlement of the Litigation on the terms and conditions set forth in the Settlement Agreement, including as part of the Settlement, the payment of Class Counsel's attorneys' fees and reimbursement of expenses, is fair, reasonable and adequate and should be approved by the Court, and whether the judgment approving the Settlement and dismissing the Litigation on the merits and with prejudice against the Class Representative and the Settlement Class Members should be entered, and to consider such other matters as may properly come before the Court in connection with the Final Approval Hearing;

(j)     That the Final Approval Hearing may, from time to time and without further individual notice to the Settlement Class (except those who filed timely and valid objections), be continued or adjourned by order of the Court;

(k)     That all Settlement Class Members will be bound by the Preliminary Approval Order;

(l)     That the Parties shall file and serve all papers in support of the motion for entry of the Final Approval Order, which shall be substantially in the form of Exhibit C to this Settlement Agreement, for attorneys' fees and expenses, and/or in response to any valid and timely objections received by the designated counsel for the Parties identified in the Notice on or before ten (10) days prior to the Final Approval Hearing or on a date (or dates) set by the Court.

5.02.   Class Notice. Within 25 days after entry of the Order of Preliminary Approval, the Settlement Administrator will send to each Settlement Class Member a Notice in the form of Exhibit A by first class mail, postage pre-paid, addressed to the address contained in the Class List, as updated in accordance with Paragraph 4.02. The envelopes shall be marked "address correction requested." If any notices are returned with a new address, the Settlement Administrator shall remail the notice to the new address. If any notices are returned without a forwarding address, the Settlement Administrator shall

perform a search for a current address through Accurint or similar service. All costs of Settlement administration, including but not limited to the costs of printing and mailing the Notices and checks to Class Members, and managing the Settlement Fund, shall be paid by Cavalry.

5.03    CAFA Notice. Cavalry shall send the notice required by Section 1715 of the Class Action Fairness Act (28 U.S.C. § 1715) to the respective Attorneys General within 10 days of filing this Agreement.

5.04.    The Notice described in paragraph 5.02 above shall permit any Settlement Class Member to elect not to be part of the Settlement Class and not to be bound by this Agreement, if, within such time as is ordered by the Court and contained in the Notice, the affected person mails an appropriate opt-out notice to the Settlement Administrator, at the address contained in the notice. The notice of intention to opt out shall: (i) set forth the Settlement Class Member's full name, current address and telephone number; (ii) contain the signatures of each Settlement Class Member obligated on the Account; and (iii) state an intent of all signatories not to participate in the Settlement. The notice of intention to opt out must be postmarked on or before the date specified in the Notice, which shall be no later than 45 days after the initial mailing of the Notices. No Settlement Class Member, or any person acting on behalf of or in concert or participation with that Settlement Class Member, may exclude any other Settlement Class Member. At least ten days prior to the Final Approval Hearing, the Settlement Administrator shall prepare a list of the persons who have complied with the requirements for exclusion from the Settlement Class and shall serve such list upon Class Counsel and Cavalry's Counsel, and Class Counsel shall file such document with the Court at least five days prior to the Final Approval Hearing and serve it upon Cavalry's

Counsel at the same time. Upon the entry of the Final Approval Order, the persons who timely and properly requested exclusion from the Settlement Class will not be considered Settlement Class Members for purposes of this Agreement.

5.05.     Order and Final Judgment. At or before the Final Approval Hearing the Parties shall request that the Court grant Final Approval of the Settlement and enter Final Judgment in accordance with this Agreement, substantially in the form of the Final Approval Order attached as Exhibit C, and including any modifications by the Court, approving this Agreement as final, fair, reasonable, adequate, and binding on all Settlement Class Members, ordering that the cash payments be made to the Settlement Class Members, ordering any award of attorneys' fees, costs and expenses be paid to Class Counsel, and ordering that following the making of all such payments, the Litigation shall be dismissed with prejudice as to Settlement Class Members.

**VI.     ADMINISTRATION OF THE SETTLEMENT**.

6.01.     Treatment of Payments to Settlement Class Members Who Have Died. If the Settlement Administrator receives notice that a Settlement Class Member is deceased, the Settlement Administrator will, upon receipt of proper notification and documentation, make any payment due to the Settlement Class Member's estate, or in the case of a Settlement Class Member receiving only $20, payment may be made to an appropriate family member. "Proper notification and documentation" means, at minimum, a copy of the court filings appointing an executor, administrator or other personal representative of the estate and sufficient information as to the identity and address of the executor, administrator or personal representative to enable mailing of a check.

6.02.    Uncashed/Unclaimed Checks. Those Settlement Class Members whose checks are not cashed within ninety (90) days after the Distribution Date, shall be ineligible to share in the Settlement Fund. The funds from any checks that remain uncashed after the ninety (90) day period provided herein shall be distributed to the *cy pres* beneficiary selected by the parties and approved by the Court, as set forth in paragraph 6.05.

6.03.    Notification to Class Counsel. One hundred (100) days after the Distribution Date, the Settlement Administrator shall notify Class Counsel and Cavalry's Counsel in writing of the number of Settlement Class Members, the number of Settlement Class Members sent checks, the number of Settlement Class Members who did not cash the checks, the total dollar amount of the checks distributed, and the total dollar amount of uncashed checks.

6.05.    *Cy Pres*. Thirty days after the date the checks become void, the residue of the principal, if any, of any uncashed checks distributed pursuant to the terms of this Agreement shall be donated to the following charitable organization: Action for Boston Community Development (ABCD). The Settlement Administrator shall deliver the check made payable to the organization copying Cavalry's counsel and Class Counsel.

6.06.    Certification of Distribution. Within twenty (20) days after the final distribution of all portions of the Settlement, the Settlement Administrator shall file a declaration certifying to the Court that the distributions provided for by this Agreement have all been timely made and shall serve a copy thereof on Class Counsel and Cavalry.

6.07.    Dismissal of Claims. All claims raised in the Amended Complaint shall be dismissed with prejudice as to the Plaintiff and Settlement Class Members upon entry of the Final Approval Order, as set forth in the Final Approval Order. The Settlement Agreement

does not affect any claim Cavalry may have as to Ms. Spence's Account, except as to the amount of any Prepurchase Interest, nor does it affect Ms. Spence's defenses to any such claim.

**VII.** **RELEASES**

7.01.    Upon the Effective Date, the Class Representative on her own behalf and each Settlement Class Member, by operation of this Release and the Final Approval Order, hereby does and shall be deemed to have fully, finally and forever released, settled, compromised, relinquished, and discharged any and all of the Released Persons (as defined in paragraph 1.15 above) of and from any and all of the Released Claims (as defined in paragraph 1.14 above) and, without further action by any person, shall be deemed to have consented to the dismissal with prejudice of such claims as to all Settlement Class Members.

7.02.    Upon the Effective Date, Cavalry hereby releases, settles, compromises, relinquishes and discharges the Settlement Class Members, including the Class Representative, from any liability for any Prepurchase Interest (as defined in paragraph 1.12 above) remaining on their Account.

**VIII.** **MISCELLANEOUS PROVISIONS**.

8.01.    Parties to Use Best Efforts to Effectuate Settlement. The Parties' Counsel shall use their best efforts to cause the Court to give Preliminary Approval to this Agreement as promptly as practicable, to take all steps contemplated by this Agreement to effectuate the settlement on the stated terms and conditions and to obtain Final Approval of this Agreement.

8.02.    Governing Law. This Agreement is intended to and shall be governed by the laws of the Commonwealth of Massachusetts, without regard to conflict of laws rules. This

Agreement shall be enforced in the United States District Court in the District of Massachusetts. Cavalry and Settlement Class Members waive any objection that any such party may have or hereafter may have to the venue of such suit, action, or proceeding.

8.03. <u>Entire Agreement</u>. The terms and conditions set forth in this Agreement and the exhibits thereto constitute the complete and exclusive statement of the Class Action Settlement Agreement between the Parties relating to the Class Claims asserted in the Second Amended Complaint, superseding all previous negotiations and understandings, and may not be contradicted by evidence of any prior or contemporaneous agreement.

8.04. <u>Modification Only in Writing</u>. This Agreement may be altered, amended, modified or waived, in whole or in part, only in a writing signed by the Class Representative, Class Counsel and Cavalry. This Agreement may not be amended, altered, modified or waived, in whole or in part, orally.

8.05. <u>No Ambiguity To Be Construed In Favor of Either Party</u>. The determination of the terms of, and the drafting of, this Agreement has been by mutual agreement after negotiation, with consideration by and participation of all Parties hereto. Accordingly, this Agreement shall be considered neutral and no ambiguity shall be construed in favor or against the Parties.

8.06. <u>Successors</u>. This Agreement shall be binding upon, and inure to the benefit of, the respective heirs, successors and assigns of the Parties hereto.

8.07. <u>Waivers</u>. The waiver by one party of any provisions or breach of this Agreement shall not be deemed a waiver of any other provision or breach of this Agreement.

8.08. <u>Counterparts</u>. This Agreement shall become effective upon its execution by all of the undersigned. The Parties may execute this Agreement in counterparts, and execution

of Counterparts shall have the same force and effect as if all Parties had signed the same instrument.

8.09.    <u>Retention of Jurisdiction</u>. The Court shall retain jurisdiction over the interpretation, effectuation and implementation of this Agreement, and all orders entered in connection therewith and the Parties and their attorneys submit to the jurisdiction of the Court. In any action or proceeding to enforce the terms of this Agreement or the Final Approval Order and Final Judgment, the prevailing party shall be entitled to any award of reasonable attorneys' fees, costs and expenses.

8.10    <u>Taxes</u>. The Parties and their Counsel have provided no tax advice with respect to the terms of the Settlement. In all events Cavalry shall have no liability or responsibility for any taxes. It is understood and agreed that Class Members and Class Counsel shall be responsible for paying any taxes due on any payments made to them pursuant to the Agreement. The delivery of the Settlement Fund to the Settlement Administrator for deposit into an escrow account, in accordance with paragraph 3.02 above, shall constitute full and complete discharge of the entire obligation of Cavalry under this Agreement. Cavalry shall not have any further obligation to Plaintiff (individually or as representative of the Class) or to other Settlement Class Members under this Agreement except as otherwise specifically provided in this Agreement.

8.11. <u>No Opt Out Solicitation or Inducement</u>. Plaintiff and Class Counsel agree that they shall take no action which would or might have the effect of inducing or encouraging any person included in the Settlement Class to seek exclusion from the Class, provided that this provision shall not restrict Class Counsel from providing appropriate legal advice in response to inquiries from the Settlement Class.

8.12.   Conditional Nature of Settlement Agreement. This Class Action Settlement Agreement, including all associated exhibits and attachments, is made for the sole purpose of attempting to consummate a settlement of this action on a class-wide basis. The Agreement is made in compromise of disputed claims. The Agreement is intended by the Parties to fully, finally and forever resolve, discharge and settle the Released Claims upon and subject to the terms and conditions set forth in this Agreement. Because this action was pled as a class action, this settlement must receive approval by the Court. Accordingly, the Parties enter into this Agreement and associated settlement (the "Settlement") on a conditional basis that is subject to the final approval of the Court.

8.13.   Effect of Disapproval. In the event that the Court does not execute and file the Final Approval Order, substantially in the form of Exhibit C to this Agreement, or in the event that the associated Final Judgment does not become final for any reason, then this Agreement shall be deemed null and void *ab initio*; it shall be of no force or effect whatsoever; it shall not be referred to, utilized or admissible for any purpose whatsoever; and any negotiations concerning the terms of the Agreement including, without limitation, Cavalry's provision of class-related data and the affidavit referred to in paragraph 4.06, shall remain confidential and shall not be admissible in any proceeding for any purpose, and shall be destroyed.

8.14.   Denial of Liability; No Admissions. Cavalry denies all of the claims as to liability, damages, fees, restitution and all other forms of relief as well as the class action allegations asserted in the Litigation. Neither this Agreement, nor any of its terms and provisions, nor any of the negotiations connected with it, shall be construed as an admission or concession by Cavalry of any legal violations, any legal requirement or any failure to

comply with any applicable law. Except as necessary in a proceeding to enforce the terms of this Agreement, this Agreement and its terms and provisions shall not be offered or received as evidence in any action or proceeding to establish any liability or admission on the part of Cavalry or any Released Persons or to establish any condition constituting a violation of or non-compliance with federal, state, local or other applicable law, or the propriety of class certification in any proceeding or action. The Parties expressly agree and represent that, in the event that the Court does not approve this Agreement, or any appellate court disapproves of this Agreement in any way that prevents the Settlement from becoming final and effective, no Party will use or attempt to use any conduct or statement of any other Party in connection with this Agreement or any effort to seek approval of the Settlement to affect or prejudice any other Party's rights in any ensuing litigation. Cavalry has agreed to resolve this Litigation through this Agreement, but to the extent this Agreement is deemed void or the Effective Date does not occur, the Parties do not waive, but rather expressly reserve, all rights to challenge all such claims and allegations in the Litigation upon all procedural and factual grounds, including without limitation the ability to challenge class action treatment on any grounds or assert any and all defenses or privileges. The Parties expressly reserve all rights and defenses as to any claims and do not waive any such rights or defenses in the event that this Agreement is not approved for any reason. The Class Representative and Class Counsel agree that Cavalry and the Released Persons retain and reserve these rights and agree not to take a position to the contrary.

IN WITNESS WHEREOF, the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below.

AGREED TO AND ACCEPTED:

Class Representative

Dated: _12/9/15_          By: _____
                              Andrea Spence


Dated: _____     Cavalry Portfolio Services, LLC

                           By: _____
                           Title: _____


Dated: _____     Cavalry SPV I, LLC

                           By: _____
                           Title: _____

**AGREED TO AND ACCEPTED:**

Class Representative

Dated: _____    By: _____
                                    Andréa Spence


Dated: December 8, 2015          Cavalry Portfolio Services, LLC

                                 By: _____

                                 Title: Executive Vice President


Dated: December 8, 2015          Cavalry SPV I, LLC

                                 By: _____

                                 Title: Executive Vice President

*EXHIBIT A*

# If Cavalry Portfolio Services attempted to collect a Bank of America credit card account from you, your account balance may be reduced and you may get a payment from a class action.

*A Federal Court Ordered This Notice – It is Not A Solicitation From A Lawyer.*

- Cavalry Portfolio Services, LLC's records identify you as a Class Member in a class action lawsuit that was filed by Andréa Spence (the "Plaintiff") against Cavalry Portfolio Services, LLC (CPS) and Cavalry SPV I, LLC (SPV) (collectively "Cavalry").

- The proposed settlement requires Cavalry to provide Class Members with a check in an amount to be determined, and also to reduce the balance owed to Cavalry by many Class Members. Details are below.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | |
|---|---|---|
| **DO NOTHING** | If you do nothing you will remain eligible to participate in the settlement, and obtain benefits. You will be bound by the Court's final Judgment and the release of claims explained in the Settlement Agreement. | |
| **EXCLUDE YOURSELF** | If you exclude yourself from the Settlement, you will not receive any benefits from the Settlement. Excluding yourself is the only option that allows you to ever bring or maintain your own lawsuit against the Defendants regarding the allegations in the Action. | Deadline: **[Month Day, Year]** |
| **OBJECT** | You may write to the Court about why you object to the Settlement and think it shouldn't be approved. Filing an objection does not exclude you from the Settlement. | Deadline: **[Month Day, Year]** |

- These rights and options – **and the deadlines to exercise them** – are explained in more detail below.

  The Court in charge of this Action has preliminarily approved the Settlement and must decide whether to give final approval to the Settlement. The relief provided to Class Members will be provided only if the Court gives final approval to the Settlement and, if there are any appeals, after the appeals are resolved in favor of the Settlement. ***Please be patient.***

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION-THIS CASE ...................................................................................PAGE 2

HOW DO I KNOW IF I AM PART OF THE SETTLEMENT...................................................PAGE 2

THE SETTLEMENT BENEFITS – WHAT YOU GET……..…….……...........................PAGE 3

THE SETTLEMENT RELEASE – WHAT YOU WILL GIVE UP……...........................PAGE 4

YOUR RIGHTS – EXCLUDE YOURSELF…………………………………...............PAGE 4

YOUR RIGHTS – OBJECT TO THE SETTLEMENT………………………….........PAGE 4

FINAL APPROVAL HEARING ...............................................................................PAGE 5

GETTING MORE INFORMATION……………………………… ...............................PAGE 5

WHAT IF MY ADDRESS OR OTHER INFORMATION HAS CHANGED OR

CHANGES AFTER I RECEIVE MY NOTICE?         …………………………………PAGE 6

IMPORTANT ADDRESSES...................................................................................PAGE 6

IMPORTANT DATES...............................................................................................PAGE 7

ADDENDUM ...........................................................................................................PAGE 8

## BASIC INFORMATION- THIS CASE

A class action lawsuit entitled *Spence v Cavalry Portfolio Services LLC,* Case No. 1:14-cv-12655-PBS, is pending in the U.S. District Court for the District of Massachusetts. The lawsuit claims that Cavalry violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 and M.G.L. c. 93 §§ 49 and 54 by charging interest that Plaintiff contends is not owed. Cavalry denies the claims, contends that it has numerous defenses to the action, and denies that class certification is required or appropriate.

The Court has not decided who is right or wrong in this lawsuit. Although no decision has been made about who is right and who is wrong, both sides have agreed to a proposed Settlement. A Settlement avoids the expense, delay and uncertainty of a trial and gets relief to Class Members more quickly. The Plaintiff and the attorneys for the Class think the Settlement is best for all Class Members.

The Action is called a "Class Action" because the Class Representative is suing on behalf of other people with similar claims, called "Class Members." The parties have agreed to treat the Action as a Class Action for settlement purposes only.

## HOW DO I KNOW IF I AM PART OF THE SETTLEMENT?

You are a Settlement Class Member if:

(1) Cavalry SPV purchased your credit card debt from FIA Card Services, Inc. (Bank of America);

(2) FIA Card Services had ceased charging interest to your account debt prior to selling it

to SPV;

(3) Cavalry Portfolio Services then added interest for a period of time prior to the date Cavalry SPV purchased the debt;

(4) CPS attempted to collect that prepurchase interest from you, or reported a balance that included such interest to a credit reporting agency;

(5) a judgment on the debt hasn't been entered against you as of the date of the Settlement Agreement;

(6) you have not previously released your claim against Cavalry; and

(7) you have not filed bankruptcy.

The class period is March 14, 2010 through the present.

Cavalry reviewed its records and identified approximately 10,000 Class Members. Cavalry's records indicate that you are Class Member. If you were a co-borrower or co-obligor on an FIA account that was purchased by Cavalry, then you and each co-borrower or co-obligor as to that loan will be treated as a single Member of the Class for purposes of the proposed Settlement.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

If the Settlement is approved by the Court, all Settlement Class Members will receive certain monetary benefits. If the Settlement is not approved by the Court, Settlement Class Members will not get any benefits of the Settlement and the parties will go back to Court for further proceedings, including possibly a trial. The parties have made their best efforts to negotiate a settlement that is fair and reasonable under the circumstances.

**Cash Payments**. Cavalry will pay $550,333 into a Settlement Fund which will be used to make cash payments to Settlement Class Members, as follows: (1) Settlement Class Members who paid any Prepurchase Interest, as defined in the Settlement Agreement (i.e. the interest charged by Cavalry for the time period after the account was charged off and before Cavalry purchased it), will be entitled to a full refund of those payments; (2) Settlement Class Members from whom Cavalry sought to collect Prepurchase Interest but who did not pay any such interest will be entitled to a payment of $20; and (3) Settlement Class Members from whom Cavalry sought to collect Prepurchase Interest on or after March 13, 2013 will be entitled to an additional, equal share of the Settlement Fund remaining after deduction for refunds, the $20 payments mentioned in Subsections (1) and (2) of this Section and a service award to the Class Representative if approved by the Court.

**Interest Forgiveness**. In addition, for all Settlement Class Members, Cavalry will forgive all Prepurchase Interest remaining on their Accounts, an amount that exceeds $2 million in total.

### You do NOT need to do anything to receive these benefits.

**Attorneys' Fees**. Counsel for the Settlement Class will seek attorneys' fees from the Settlement Fund of up to $275,167 and costs of $9,000, subject to approval by the Court at the final approval hearing referred to below. If the Court approves the request, the fees and costs will be paid by Cavalry.

**Representative Plaintiff Service Award**. The Representative Plaintiff will request a service award of up to $7,500 for her services as a class representative and her efforts in bringing the Action.

## THE SETTLEMENT RELEASE—WHAT YOU WILL GIVE UP

If the Court approves the proposed Settlement, unless you exclude yourself from the Settlement, you will be releasing your claims against Defendants. **A RELEASE MEANS THAT YOU WILL NOT BE ABLE TO FILE A LAWSUIT, CONTINUE PROSECUTING A LAWSUIT, OR BE PART OF ANY OTHER LAWSUIT AGAINST DEFENDANTS REGARDING CLAIMS RELATED TO THE ASSESSMENT OF PREPURCHASE INTEREST**

## YOUR RIGHTS - EXCLUDE YOURSELF

If you are a Settlement Class Member, you are included in the Settlement unless you request to be excluded. If you remain in the Settlement Class and this Settlement is approved by the Court, you will receive the benefits described above. If you do not want to participate in the Settlement, you can exclude yourself or "opt out." If you exclude yourself, you will not receive any benefits from the Settlement, but you will not be bound by any judgment or release in this Action and will keep your right to sue Cavalry on your own if you want. If you exclude yourself, you may not object to the Settlement.

To exclude yourself, you must send a letter or postcard with your original signature stating: **(a)** the name and case number of the Action, "*Spence v Cavalry,* Case No. 1:14-cv-12655-PBS"; **(b)** your full name, address, email address, and telephone number; and **(c)** a statement that you do not wish to participate in the Settlement, postmarked no later than [Month Day, Year] to the Claims Administrator at:

*Spence.v. Cavalry,* c/o Class Administrator
[Address]
[City, State ZIP]

**IF YOU DO NOT MAKE A TIMELY AND VALID REQUEST FOR EXCLUSION, YOU WILL REMAIN A CLASS MEMBER AND BE BOUND BY THE SETTLEMENT.**

## YOUR RIGHTS - OBJECT TO THE SETTLEMENT

If you do not request to be excluded, you may object to the Settlement. You may not do both. To object, you must send a letter saying that you object to "*Spence v Cavalry Portfolio Services LLC,* Case No. 1:14-cv-12655-PBS" to Settlement Class Counsel, Cavalry's Counsel, and the Court at the addresses provided below. Be sure to include your name, address, telephone number, your signature, and the reasons you object to the settlement. Mail the objection to these three different places, postmarked no later than [Month] [Day], 2015.

| CLASS COUNSEL | CAVALRY'S COUNSEL | COURT |
|---|---|---|
| Elizabeth Ryan | Katrina Christakis | United States District Court |
| Bailey & Glasser LLP | Pilgrim Christakis LLP | John Joseph Moakley U.S. |
| 99 High Street | 321 N. Clark | Courthouse, |
| Suite 304 | 26th Floor | 1 Courthouse Way, Suite 2300 |
| Boston, MA 02110 | Chicago, IL 60654 | Boston, MA 02210 |

You may, but need not, file and serve your objection through counsel of your choice. If you do make your objection through an attorney, you will be responsible for your personal attorneys' fees and costs.

**IF YOU DO NOT TIMELY MAKE YOUR OBJECTION, YOU WILL BE DEEMED TO HAVE WAIVED ALL OBJECTIONS AND WILL NOT BE ENTITLED TO SPEAK AT THE FINAL APPROVAL HEARING**.

If you properly file and serve a written objection, you may appear at the Final Approval Hearing, either in person or through personal counsel hired at your expense, to object to the Settlement Agreement. You are not required, however, to appear. If you, or your attorney, intend to make an appearance at the Final Approval Hearing, you must also deliver to Class Counsel and Defendants' Counsel, and file with the Court, no later than (*i.e.*, postmarked by) [Month Day, Year], a "Notice of Intention to Appear".

If you intend to appear at the Final Approval Hearing through counsel, you must also identify the attorney(s) representing you who will appear at the Final Approval Hearing. Also, if you intend to request the Court to allow you to call witnesses at the Final Approval Hearing, such request must be made in your written brief, which must also contain a list of any such witnesses and a summary of each witness's expected testimony.

## FINAL APPROVAL HEARING

The Court will hold a hearing on _____ in Courtroom ___ at the U.S. District Court for the District of Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, MA 02210, to decide whether to give final approval to the Settlement. The purpose of the Final Approval Hearing will be for the Court to determine whether the Settlement is fair, reasonable, adequate, and in the best interests of the Class; to consider the award of attorneys' fees and costs to Class Counsel; to consider the request for a service award to the Representative Plaintiff; and to consider whether the Settlement Class Members should be bound by the Release and be prohibited from suing over Released Claims.

The hearing may be postponed to a different date or time or location without notice. Please contact the Settlement Administrator or class counsel for any updates about the Settlement generally or the Final Approval Hearing specifically. At that hearing, the Court will hear any Objections and arguments concerning the fairness of the Settlement. You may attend, but you do not have to. You may speak at the Final Approval Hearing only if (a) you have timely served and filed a proper Objection, and (b) you have timely served and filed a Notice of Intent to Appear.

If you have requested exclusion from the Settlement, however, you may not speak at the Final Approval Hearing.

## GETTING MORE INFORMATION

This Notice, which has been approved by the Court, is only a summary. You may contact the Settlement Administrator at the postal mailing address: [Address; City; State; ZIP].

If you have additional questions you may contact Class Counsel at the address below. All of the records and other papers filed in the Action, including the Settlement Agreement, are on file with the Court and can be inspected during regular business hours at the Clerk's Office. The

Clerk of the Court is located at the John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300, Boston, MA 02210. **Please do not contact the Judge concerning this case.**

**WHAT IF MY ADDRESS OR OTHER INFORMATION HAS CHANGED OR CHANGES AFTER I RECEIVE MY NOTICE?**

It is your responsibility to inform the Settlement Administrator of your updated information so that a check may be sent to you if the settlement is approved. You may do so at the address below:

*Spence v Cavalry,* Case No. 1:14-cv-12655-PBS, c/o Settlement Administrator
[Address]
[City, State ZIP]

**IMPORTANT ADDRESSES**

### Class Counsel:

| | |
|---|---|
| Elizabeth A. Ryan<br>Bailey & Glasser LLP<br>99 High Street, Suite 304<br>Boston, MA 02110<br>Tel: 617.439.6730<br>Fax: 617.951.3954<br>eryan@baileyglasser.com | Charles M. Delbaum<br>Stuart T. Rossman<br>National Consumer Law Center<br>7 Winthrop Square, 4th Floor<br>Boston, MA 02110<br>Tel: 617.542.8010<br>cdelbaum@nclc.org |

### Defendants' Counsel:

Katrina Christakis
Pilgrim Christakis LLP
321 N. Clark, 26th Floor
Chicago, IL 60654
Tel: 312.939.0920
Fax: 312.939.0983
kchristakis@pilgrimchristakis.com

### Class Administrator:

_____ Settlement Administration
[Insert Settlement Administrator Address]

| | |
|---|---|
| **XXXXXXXX** | All NOTICES OF APPEARANCES, MOTIONS, OR OTHER SUBMISSIONS must be postmarked and mailed or hand-delivered to the Court and postmarked and mailed or hand-delivered to Class Counsel and Defendants' Counsel. |
| **XXXXXXXX** | All OPT OUTS/REQUESTS FOR EXCLUSION must be postmarked and mailed to the Settlement Administrator. |
| **XXXXXXXX** | All OBJECTIONS must be postmarked and mailed or hand-delivered to the Court and postmarked and mailed or hand-delivered to Class Counsel and Defendants' Counsel. |
| **XXXXXXX, at __:__** | FINAL APPROVAL HEARING. |

Dated: XXX XX, 2015

By: Order of the District of Massachusetts
HONORABLE PATTI B. SARIS
UNITED STATES DISTRICT COURT JUDGE

### Addendum

As provided for in Section 10 of the Notice, the terms of the Release, as embodied in the Settlement Agreement, are reproduced below:

**RELEASE**

1.11.   "Released Claims" means and includes any and all claims, demands, actions, causes of action, rights, offsets, suits, damages, lawsuits, liens, costs, losses, expenses or liabilities of any kind whatsoever, for any relief whatsoever, whether known or unknown, arising since March 14, 2010 from the facts alleged in the Amended Complaint, including Cavalry's assessment of and attempt to collect "Prepurchase Interest." "Prepurchase Interest" means interest CPS assessed on a Settlement Class Member's Account for a time period after the Account was charged off by FIA and prior to the date SPV purchased the Account.

ANDRÉA SPENCE, on behalf of herself and
others similarly situated,

        Plaintiff,

    v.

CAVALRY PORTFOLIO SERVICES, LLC
and CAVALRY SPV I, LLC,

        Defendants.

Civil Action No. 1:14-cv-12655-PBS

ORDER PRELIMINARY APPROVING SETTLEMENT

Upon consideration of the Parties' Settlement Agreement dated December 8, 2015, (the

"Settlement Agreement"), IT IS HEREBY ORDERED AS FOLLOWS:

1.      The Settlement Agreement and the exhibits thereto are hereby incorporated by

reference in this Order as if fully set forth herein. Capitalized terms in this Order shall, unless

otherwise defined herein, have the same meaning as in the Settlement Agreement.

2.      For purposes of the Settlement, this Court hereby provisionally approves the

following settlement class ("Settlement Class"):

(a) all individuals who at any time during the Class Period maintained an address in
Massachusetts (b) whose credit card debt Cavalry SPV I purchased from FIA Card
Services, Inc.; (c) where FIA Card Services, Inc. had ceased charging interest to the
debt prior to SPV's purchase; (d) CPS added interest for a period prior to the date
SPV purchased the debt; and (e) during the Class Period CPS sought to collect such
prepurchase interest, and/or reported a balance including such interest to a credit
reporting agency; (e) against whom Cavalry has not obtained a judgment or a release
as of the date of this Agreement; and/or (f) who have not filed for or obtained a
discharge in bankruptcy applicable to the Account.  The Class Period is March 14,
2010 through the present.

If, for any reason, the Settlement is not approved or does not become effective, this provisional approval shall be null and void, and shall not be used or referred to for any purpose in this Action or any other action or proceeding.

3.     For settlement purposes only, and subject to further consideration at the Final Approval Hearing described in Paragraph 13 below, this Settlement Class meets the relevant requirements of Fed. R. Civ. P. 23(a) and (b)(3).

4.     For settlement purposes only, and after considering the relevant factors in Fed. R. Civ. P. 23 and subject to further consideration at the Final Approval Hearing, Representative Plaintiffs are conditionally designated as representatives of the Settlement Class and Class Counsel is conditionally appointed as counsel for the Settlement Class. The law firms and attorneys conditionally representing the Settlement Class are:

> Elizabeth A. Ryan
> John Roddy
> Bailey & Glasser LLP
> 99 High Street, Suite 304
> Boston, MA 02110
>
> Charles M. Delbaum
> Stuart T. Rossman
> National Consumer Law Center
> 7 Winthrop Square, 4th Floor
> Boston, MA 02110

5.     Pursuant to Fed. R. Civ. P. 23, the terms of the Settlement Agreement, and the Settlement provided for therein, are preliminarily approved as (a) fair, reasonable, and adequate in light of the relevant factual, legal, practical and procedural considerations of the Action, (b) free of collusion to the detriment of Class Members, and (c) within the range of possible final judicial approval, subject to further consideration thereof at the Final Approval Hearing described at paragraph 13 of this Order. Accordingly, the Settlement Agreement and the

Settlement are sufficient to warrant notice thereof, as set forth below, and a full hearing on the Settlement.

6.  To administer the Settlement, Kurtzman Carson Consultants, LLC is hereby appointed as Settlement Administrator and hereby directed to follow the terms of the Settlement Agreement and this Order. If not inconsistent with the Settlement Agreement and Order, the Settlement Administrator shall follow the direction of the parties in administering the Settlement.

7.  Pursuant to the terms of the Settlement Agreement, Defendants and the Settlement Administrator are hereby directed to prepare the Class Member List. Within 25 days of the date of this Order, and pursuant to the procedures detailed in the Settlement Agreement, the Settlement Administrator shall provide notice of the Settlement and of the Final Approval Hearing to each Class Member by mailing to the address for the Class Member a copy of the Class Notice, substantially in the form attached to the Settlement Agreement as Exhibit B. Before mailing, the Settlement Administrator shall fill-in all applicable dates and deadlines in the Class Notice to conform with the dates and deadlines specified for such events in this Order. The Settlement Administrator shall also have discretion to format the Class Notice in a reasonable manner before mailing to minimize mailing or administration costs.

8.  If any Class Notice mailed pursuant to the Settlement Agreement and paragraph 7 above is returned by the United States Postal Service as undeliverable, then the Settlement Administrator shall re-mail the Class Notice to the forwarding address, if any, provided on the face of the returned mail, and if no address is so provided, shall perform a standard skip trace.

9.  The Court finds that the Settlement Agreement's plan for class notice is the best notice practicable under the circumstances and satisfies the requirements of due process and Fed. R. Civ. P. 23. That plan is approved and accepted. This Court further finds that the Class Notice

complies with Fed. R. Civ. P. 23 and is appropriate as part of the notice plan and the Settlement, and thus it is hereby approved and adopted. This Court further finds that no other notice other than that identified in the Settlement Agreement is reasonably necessary in the Action.

10.     Any Class Member who wishes to be excluded from the Settlement Class and not be bound by the Settlement Agreement must complete and mail a request for exclusion ("Opt-Out") to the Settlement Administrator at the address set forth in the Class Notice, postmarked no later than thirty (30) days from the last projected date for the initial mailing of Class Notice under paragraph 7 above. For a Class Member's Opt-Out to be valid and treated as a Successful Opt-Out, it must (a) state the name and number of the Action; (b) identify the Class Member; (c) contain the Class Member's personal and original signature or the original signature of a person previously authorized by law to act on behalf of the Class Member; and (d) unequivocally state the Class Member's intent to be excluded from the Settlement. No person shall purport to exercise any exclusion rights of any other person, or purport to Opt-Out Class Members as a group, aggregate, or class involving more than one Class Member or Opt-Out more than one Class Member on a single paper, or as an agent or representative; any such purported Opt-Outs shall be void, and the Class Member(s) that is or are the subject of such purported Opt-Out shall be treated as a Class Member. Further, any Class Member who is a Successful Opt-Out will be deemed to have waived any rights or benefits under the Settlement, and will not have standing to object to the Settlement.

11.     On or before the date of the Final Approval Hearing, Class Counsel, Counsel for the Defendants, and the Settlement Administrator shall create and file with the Court under seal a comprehensive list which will include full names and addresses of Successful Opt-Outs. The list

shall be maintained by this Court under seal in order to protect the privacy interests of those

persons identified thereon.

12.     Any Class Member who is not a Successful Opt-Out and who wishes to object to

or comment on any aspect of the proposed Settlement, in whole or in part, must mail or hand-

deliver a written objection to the Settlement or Settlement Agreement ("Objection") to the Court,

and contemporaneously mail it to Class Counsel and Counsel for the Defendants, so that it is on

file with the Court no later than thirty days (30) from the date that notice is mailed. To be

considered valid, each Objection must be timely (as judged by the filing deadline set forth above)

must state the name and number of the Action, identify the Class Member, and state all grounds

for any objection. Objections that are untimely and/or otherwise invalid may not be considered

by this Court unless the Court orders otherwise.

13.     A hearing (the "Final Approval Hearing") shall be held before the undersigned at

_____ a.m./p.m. on _____, 2016, in the United States District Court for the District of

Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300, Boston,

MA 02210, to determine, among other things, (a) whether the proposed Settlement should be

approved as fair, reasonable and adequate, (b) whether the Action should be dismissed with

prejudice pursuant to the terms of the Settlement Agreement, (c) whether Class Members should

be bound by the Release set forth in the Settlement Agreement, (d) whether Class Members

should be subject to a permanent injunction that, among other things, bars Class Members from

filing, commencing, prosecuting, intervening in, or participating in (as class members or

otherwise), any lawsuit, claim, demand or proceeding in any jurisdiction that is based on or

related to, directly or indirectly, matters within the scope of the Release, (e) whether the

Settlement Class should be finally certified, (f) the amount of attorneys' fees and costs to be

awarded to Class Counsel, if any, and (g) the amounts to be awarded to Representative Plaintiffs for their service as class representatives, if any. This hearing may be postponed, adjourned, or continued by order of the Court without further written notice to the Settlement Class.

14.     Memoranda in support of the Settlement, application for attorneys' fees and costs, and applications for a Class Representative Award to Representative Plaintiffs shall be filed with the Court no later than ten days before the Final Approval Hearing described in Paragraph 13 above.

15.     Any Class Member who wishes to appear at the Final Approval Hearing, whether pro se or through counsel, must file a notice of appearance in the Action, and contemporaneously mail or hand-deliver the notice to Class Counsel and Counsel for the Defendants, no later than thirty days before the final approval hearing described in Paragraph 13 above. No Class Member shall be permitted to raise matters at the Final Approval Hearing that the Class Member could have raised in an Objection, but failed to do so. Any Class Member who fails to comply with this Agreement, or the Class Notice, or any other order by the Court shall be barred from appearing at the Final Approval Hearing unless the Court otherwise orders.

16.     Any Class Member who wishes to intervene in the Action or seek other relief from the Court must file with the Court, and contemporaneously mail or hand-deliver to Class Counsel and Counsel for the Defendants, an appropriate motion or application, together with all supporting pleadings or documentation, no later than thirty days before the final approval hearing described in Paragraph 13 above.

17.     All other events contemplated by the Settlement Agreement to occur after this Order and before the Final Approval Hearing, and all aspects of settlement administration during

that time, and all matters related to Court consideration of the Settlement, shall be governed by the Settlement Agreement, to the extent not inconsistent herewith.

18.     The Parties are hereby authorized to retain the Settlement Administrator to assist in effectuating the terms of, and administering, the Settlement. The Parties shall notify one another and work together to resolve any matters involved in settlement administration that materially concern or affect the Class.

19.     All proceedings in the Action, other than such as may be necessary to carry out the terms and conditions of the Settlement Agreement or the responsibilities related or incidental thereto, are stayed and suspended until further order of this Court.

20.     If Final Approval of the Settlement is not achieved, or if the Settlement is terminated for any reason, the Settlement and all proceedings had in connection therewith shall be without prejudice to the status quo ante rights of the parties to the Action, and all Orders issued pursuant to the Settlement may be vacated upon a motion or stipulation from the Parties. In such an event, the Settlement and all negotiations concerning it shall not be used or referred to in this Action for any purpose whatsoever. This Order shall be of no force or effect if Final Approval does not occur for any reason, and nothing in this Order shall be construed or used as an admission, concession, or declaration by or against Defendants, of any fault, wrongdoing, breach, or liability. Nor shall this Order be construed or used to show that certification of one or more classes would or would not be appropriate if the Action were to be litigated rather than settled.

21.     Neither the Settlement nor the Settlement Agreement constitutes an admission, concession, or indication by the Parties of the validity of any claims or defenses in the Action or

of any wrongdoing, liability, or violation of law by Defendants, who vigorously deny all of the claims and allegations raised in the Action.

22.     At or after the Final Approval Hearing, the Court may approve the Settlement with such modifications, if any, as may be agreed to by Class Counsel and Counsel for the Defendants and without future notice to Class Members.


SO ORDERED, on this, the ____ day of _____, 2015.


_____
HONORABLE PATTI B. SARIS
UNITED STATES DISTRICT JUDGE



*EXHIBIT C*

ANDRÉA SPENCE, *on behalf*
*of herself and others similarly situated,*

              Plaintiff,

v.

CAVALRY PORTFOLIO SERVICES,
LLC and CAVALRY SPV I, LLC,

              Defendants.

Civil Action No. 13-40042-TSH

**[PROPOSED] FINAL ORDER**
**APPROVING CLASS ACTION**
**SETTLEMENT, AND JUDGMENT OF**
**DISMISSAL**

Plaintiff Andréa Spence ("Plaintiff" or "Class Representative"), through her respective

counsel, has submitted to the Court an Unopposed Motion for Final Approval of Settlement

Agreement, And Application For Attorneys' Fees And Costs, which seeks final approval of the

parties' Settlement Agreement (the "Final Approval Motion"). Class Counsel has also submitted

to the Court their Unopposed Motion For An Order Awarding Attorneys' Fees and Costs And

Expenses To Class Counsel.

This Court preliminarily approved the Settlement Agreement by Preliminary Approval

Order dated _____, 2015. Notice was given to all members of the Settlement Class

pursuant to the terms of the Preliminary Approval Order.

This Court has reviewed the papers filed in support of the Final Approval Motion,

including the Settlement Agreement and the exhibits thereto, memoranda and arguments

submitted on behalf of the Settlement Class, and supporting affidavits. The Court held a hearing

on _____, 2016, at which time the parties and all other interested persons were heard in

support of the proposed Settlement.

Based on the papers filed with the Court and the presentations made to the Court by the

parties and by other interested persons at the hearing, it appears to the Court that the Settlement Agreement is fair, adequate, and reasonable, and in the best interests of the Settlement Class. Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.      This Final Order Approving Class Action Settlement and Judgment of Dismissal ("Final Approval Order") incorporates by reference all definitions contained in the Settlement Agreement, and all terms used herein shall have the same meaning as set forth in the Settlement Agreement.  The Settlement Agreement shall be deemed incorporated herein.

2.      The Court has jurisdiction over the subject matter of this Litigation and over all parties to this action, including all Settlement Class Members for purposes of this Litigation.

3.      Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Court certifies the following Settlement Class for purposes of settlement only:

> (a) all individuals who at any time during the Class Period maintained an address in Massachusetts;
>
> (b) whose credit card debt SPV purchased from FIA Card Services, Inc.;
>
> (c) where FIA Card Services, Inc. had ceased charging interest to the debt prior to SPV's purchase;
>
> (d) CPS added interest for a period prior to the date SPV purchased the debt; and
>
> (e) during the Class Period CPS sought to collect such prepurchase interest, and/or reported a balance including such interest to a credit reporting agency;
>
> (f) against whom Cavalry has not obtained a judgment or release as of the date of this Agreement; and/or
>
> (g) who have not filed for or obtained a discharge in bankruptcy applicable to the Account.

4.      For settlement purposes only, this Court finds that the Settlement Class satisfies

the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, and more specifically that: (a) the Settlement Class as defined above is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims of the Class Representative are typical of the claims of the Settlement Class; (d) the Class Representative will fairly and adequately protect the interests of the Settlement Class; (e) the questions of law or fact common to the members of the Settlement Class predominate over the questions affecting only individual members, and (f) certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy.

5.      Pursuant to the Court's Preliminary Approval Order, the approved Notices were mailed to the Settlement Class. The Court has determined that the Notice given to members of the Settlement Class fully and accurately informed members of the Settlement Class of all material elements of the proposed Settlement; constituted valid, due, and sufficient notice to all members of the Settlement Class; and fully complied with Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure.

6.      The Court, having considered the relevant papers, including Plaintiff's Final Approval Motion, and any objections filed by members of the Settlement Class, finds that this Settlement, on the terms and conditions set forth in the Settlement Agreement, is in all respects fair, reasonable, adequate, and in the best interests of the Settlement Class.  The Court therefore grants final approval to the Settlement of this Litigation in accordance with the terms of the Settlement Agreement.

7.      The Court orders the parties to the Settlement Agreement to perform their obligations thereunder pursuant to the terms of the Settlement Agreement.

8.     The Court dismisses the Litigation, and all claims and causes of action asserted therein, on the merits and with prejudice.  This dismissal is without costs to any party, except as specifically provided in the Settlement Agreement.

9.     This Final Approval Order and the judgment of dismissal with prejudice set forth herein is binding on all Settlement Class Members.

10.     Plaintiff and Settlement Class Members are permanently barred and enjoined from asserting, commencing, prosecuting or continuing any of the Released Claims described in the Settlement Agreement against any of the Released Parties.

11.     The Court adjudges that the Class Representative and all Settlement Class Members shall, to the extent provided in the Settlement Agreement, conclusively be deemed to have released and discharged the defendants Cavalry Portfolio Services, LLC and Cavalry SPV I, LLC (collectively "Cavalry") and all other Released Persons from any and all of the Released Claims as provided in the Settlement Agreement.

12.     Without affecting the finality of this Final Approval Order in any way, the Court retains jurisdiction over: (a) implementation and enforcement of the Settlement Agreement pursuant to further orders of the Court until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties hereto shall have been performed pursuant to the Settlement Agreement; (b) any other action necessary to conclude this settlement and to implement the Settlement Agreement; and (c) the enforcement, construction, and interpretation of the Settlement Agreement.

13.     The Plaintiff and Class Counsel have moved for an award of attorneys' fees, costs and expenses in the amount of $284,167. The Court finds that Class Counsel's requested award of attorneys' fees, costs and expenses is fair and reasonable, and the Court approves of Class

Counsel attorneys' fees, costs and expenses in this amount. The Court directs the Settlement Administrator to disburse this amount to Class Counsel from the Settlement Fund as provided in the Settlement Agreement.

14.     Neither this Final Approval Order nor the Settlement Agreement is an admission or concession by Cavalry of any fault, omission, liability, or wrongdoing.  This Final Approval Order is not a finding of the validity or invalidity of any claims in this action or a determination of any wrongdoing by Cavalry.  The final approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of the Settlement Class Members or Cavalry.

15.     Settlement Class Members were given an opportunity to object to the Settlement. There being no objections, the Court finds that no just reason exists for delay in entering this Final Approval Order.  Accordingly, the Clerk is hereby directed forthwith to enter this Approval Order.

16.     Should the Settlement not become effective and final in accordance with its terms, this Final Approval Order shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated and, in such event, all orders and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

SO ORDERED, on this, the _____ day of _____, 2016.


_____
HONORABLE PATTI B. SARIS
UNITED STATES DISTRICT JUDGE