UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANDRÉA SPENCE, on behalf of herself and others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAVALRY PORTFOLIO SERVICES, LLC and CAVALRY SPV I, LLC,<br><br>　　　　Defendants. | Civil Action No. 1:14-cv-12655-PBS |

### DECLARATION OF CHARLES M. DELBAUM

I, Charles M. Delbaum, hereby declare as follows:

　　1.　I am admitted to practice in the following courts: Massachusetts Supreme Judicial Court (1973), the U. S. District Courts for Massachusetts, the Northern District of Ohio, as well as the Sixth Circuit Court of Appeals, the Fifth Circuit Court of Appeals, and the Federal Circuit. I have been admitted pro hac vice in the following Federal District Courts: Central and Northern Districts of California, New Mexico, Nebraska, Maine and the Eastern and Southern Districts of New York. From 1974 until 1992, I was admitted to and was an active member of the bar in Ohio (1974), subsequently becoming inactive when I moved my residence to Louisiana, where I was admitted in 1993 and was an active member of the Louisiana bar, and admitted to practice in the Eastern and Western Districts, until I moved to Massachusetts in 2005 to join NCLC.

　　2.　I graduated from Harvard Law School in 1971, and then clerked for the Hon. Malcom Muir, U.S. District Court, M.D. Pa., for two years.  Thereafter, I was an associate at Berkman, Gordon and Kancelbaum from 1973-1975, a staff attorney in the law reform unit of Cleveland Legal Aid Society, Cleveland, Ohio from 1975 to 1979, a partner in the firm of Stege, Delbaum

& Hickman, Co. in Cleveland, Ohio from 1979 to 1992, and Director of Litigation and Advocacy at the New Orleans Legal Assistance Corporation from1992 to 2005. During this time, among other things, I was lead counsel on several class actions seeking public benefits or protections for low-income individuals, conducted a dozen civil jury trials to verdict (all but one successfully), argued two cases in the federal Courts of Appeal, supervised the Tulane law School Foreclosure Prevention Clinic, and made numerous presentations to the private and public interest bars on a variety of litigation topics. I also served for several years on the Louisiana Bar Association Ethics Advisory Committee.

3. At NCLC during the past nearly ten years, I have divided my time between litigating consumer class actions and work on NCLC's nationally-recognized treatises, including Consumer Class Actions (8th edition 2014) (co-editor and author), Fair Credit Reporting (8th edition 2013) (Litigation Chapter), and Fair Debt Collection (8th edition 2014) (Litigation Chapter).

4. My recent presentations at conferences include: Ethics and Attorneys Fees, Consumer Class Action Symposium, NCLC Annual Consumer Rights Litigation Conference, San Antonio, Texas (November, 2015); Recent Developments in Fair Debt Litigation, NCLC Annual Consumer Rights Litigation Conference, San Antonio, Texas (November, 2015); Fair Debt Defenses, New England Legal Services Regional Training, Boston, October, 2015); The Future of Consumer Class Actions, NYU Law School Symposium (November 2014); Ethical Issues in Fair Debt Collection, Fair Debt Collection Conference, San Antonio, TX (March, 2014); Emerging Issues in Debt Collection, The National Academy of Elder Law Attorneys (NAELA), November, 2013; FDCPA protections against Zombie Debt, National Association of Legal Aid and Defenders Association, Austin, TX, July, 2012; Ethical Issues in Fair Debt Collection, Fair Debt Collection Conference, Seattle, WA (March, 2011); *Iqbal* and Consumer Litigation, NCLC Annual Consumer Rights Litigation Conference, Boston, MA, November, 2010; Fair Credit related Fair Debt claims, Fair Debt Collection Training, Seattle, WA (Sept. 2010); FDCPA

Claims Related to Garnishment, and Selected FDCPA Class Action Issues, Fair Debt Collection Conference, San Diego, CA (Feb. 2009).

    5. Since joining NCLC, I have been counsel in more than twenty-five consumer class action cases, the majority of which have achieved court-approved settlements.  Of these, the following have been brought to a successful conclusion and judgment for the class of plaintiffs: Hood v. Santa Barbara Bank & Trust, Case No. 1156354, Superior Court of the State of California (Santa Barbara County); Mogel v. UNUM Life Insurance Company of America, Case No. 07-cv-10955-NMG, U.S.D.Ct. (D. Mass.); Blake v. Riddle and Wood, Case No. 08-12033 U.S.D.Ct. (D. Mass.); Tammaro v. Direct Federal Credit Union, Case No. 08-5508-BLS2 (Ma. Superior Court); Rodriguez v. Chase Bank USA, Case No. 09-10614 (D. Mass.); Ramirez v. Greenpoint Mortgage Funding, Case No. 08-369 (N.D. Cal.); Puello v. Citifinancial/Citigroup,, Case No. 08-10417, U.S. D. Ct. (D. Mass.); Bosque v. Wells Fargo Bank, N.A., Civil Action No. 10-10311, U.S.D.Ct. (D. Mass.) (settled on group basis); Durmic v. J.P. Morgan Chase Bank, N.A., Civil Action No. 10-10380RGS, U.S.D.Ct. (D. Mass.); Otte v. Life Insurance Company of North America, Civil Action No. 09-11537RGS, U.S.D.Ct. (D. Mass.); Chester v. Tancorde Finance, Case No. 1:14-cv-00092, U.S.D.Ct. (D.N.M.); Charlessaint v. Persian Auto Corp., Case No. 14-11937 U.S.D.Ct. (D. Mass.) (pending Final Approval).

    6. I have been actively involved at every stage of this litigation since August, 2014. In my opinion, the settlement Defendants have agreed to is more than fair, adequate and reasonable for the class of individuals affected by the conduct of Defendants at issue in this litigation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed in Boston, Massachusetts on the date set forth below.

Date: December 8, 2015                                                      /s/ Charles M. Delbaum
                                                                                            Charles M. Delbaum