

*EXHIBIT 3*

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANDRÉA SPENCE, *on behalf of herself and others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>CAVALRY PORTFOLIO SERVICES, LLC and CAVALRY SPV I, LLC,<br><br>Defendants. | Civil Action No. 1:14-cv-12655-PBS |

**AFFIDAVIT OF ELIZABETH RYAN IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF SETTLEMENT AGREEMENT AND AWARD OF ATTORNEYS' FEES AND COSTS AND CLASS REPRESENTATIVE'S INCENTIVE AWARD**

I, Elizabeth Ryan, declare as follows:

1. I am one of the counsel for Andréa Spence, the named Plaintiff and the proposed Class Representative for the Settlement Class. I submit this affidavit in support of Plaintiffs' Unopposed Motion for Final Approval of Settlement Agreement and For An Award Of Attorneys' Fees and Costs and Class Representative's Incentive Award.

2. The facts contained in this Affidavit are within my personal knowledge, and I could testify to those facts if called to do so under oath.

3. My firm is counsel of record in this case and has been appointed as Class Counsel for the purposes of settlement. Previous submissions describing my background and legal experience and the qualifications of others from my firm who are working on this case were provided to the Court as Exhibit 2 to Memorandum in Support of Motion for Preliminary Approval of Settlement Agreement, Dkt. No. 74-2.

## Synopsis Of The Litigation

4. Plaintiff filed this class action in Suffolk Superior Court on March 13, 2014 and filed an Amended Complaint on May 9, 2014. On June 26, 2014 Defendants Cavalry Portfolio Services, LLC and Cavalry SPV I, LLC (Cavalry) removed the case to this Court.

5. The Amended Complaint (Complaint) in this consumer class action alleges Cavalry purchased charged off accounts from FIA Card Services, Inc., accounts as to which FIA had waived interest from the date of charge off. The Plaintiff contends that after Cavalry purchased the accounts it then went back and unlawfully assessed interest that had already been waived and that was for a time period prior before it owned the accounts.

6. Plaintiff alleged that Cavalry's actions violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. and state law.

7. Cavalry denied and continues to deny any and all liability, including, without limitation, that its practice of assessing interest on purchased accounts that had already been waived was in violation of federal or Massachusetts law and disputes the appropriateness of this case for class treatment except for settlement purposes.

8. After they exchanged considerable discovery and supplementary information regarding, *inter alia*, class damages, the parties met in person in an effort to attempt to negotiate a settlement. The Parties first met for a full day mediation session on July 29, 2015 and discussed several issues related to a possible resolution of the case. That full day of mediation did not lead to an agreement. But protracted, and at times very contentious, negotiations continued after the mediation over a period of several months, with the assistance of Mr. Honoroff. They involved detailed discussions and exchange of research memoranda on disputed issues regarding the claims raised in the case and the underlying facts, the Plaintiff's theories of damages, and the Defendants' affirmative defenses including a statute of limitations defense.

9. On September 24, 2015 the Parties met again for a second day of in-person mediation with Mr. Honoroff. On that date, an outline of the final terms of a settlement was agreed upon. Details remained to be negotiated. The Parties then negotiated the terms of the agreement over a protracted period. In December of 2015, the Parties finally executed the Settlement Agreement that is now before the Court for approval.

## Opinion Of Counsel As To Fairness

10. Class Counsel believe that the Settlement Agreement between the Parties is fair and reasonable and in the best interests of the Settlement Class. Class Counsel conducted sufficient investigation and the litigation was sufficiently advanced to allow counsel to evaluate the merits of the case, and the value of potential recovery. The result is a fair and reasonable settlement that will provide substantial benefits to Settlement Class Members. The Class Representative was kept abreast of the proceedings throughout the litigation, reviewed the final Settlement Agreement, and also agrees that it is fair and reasonable.

11. The Settlement Agreement provides economic benefits directly to the Settlement Class without the necessity for claim forms, benefits that may not be available in the event of continued litigation.

12. No Class Member has objected to the Settlement. Only nine Class Members have opted out. My firm has personally spoken to at least forty-five members of the Settlement Class who contacted us with questions about the Settlement, and none of them expressed negative views of the Settlement.

13. Class Counsel's reasons for this belief are further detailed in the Memorandum in Support filed with the Motion for Final Approval.

## Attorneys' Fees and Costs

14. The Settlement also provides for the payment of attorneys' fees, costs and

expenses to Class Counsel following application for and Court approval of such an award. The negotiation of fees came at the end of the negotiations. The compensation for the services Class Counsel rendered to the class is wholly contingent. Any fees and reimbursement of expenses will be limited to the amount awarded by the Court. In light of the complexity and scope of this action, Class Counsel had to forego other cases once they had agreed to represent the Class Representatives and Class in this action. The total requested fee of $275,167 constitutes 11% of the economic value of the Settlement to the Class, and is less than Counsel's combined lodestar in this case. The total combined lodestar for all counsel is nearly $340,000.

15. The below summary of time and expenses was taken from computer-based timekeeping programs, in which Class Counsel maintained their fees and expense records. The detailed time and expense entries are available to the Court upon request. The hourly rates are based on the typical hourly rates for lawyers of similar experience in the communities in which Class Counsel practice.

**Bailey & Glasser LLP**

| Name | Position | Hours | Hourly Rate | Total Time | Expenses |
|---|---|---|---|---|---|
| Elizabeth Ryan | Partner | 270.93 | $ 650.00* | $ 176,104.50 | |
| John Roddy | Partner | 54.70 | $ 650.00* | $ 35,555.00 | |
| Benjamin Lajoie | Associate | 15.8 | $ 200.00 | $ 3,160.00 | |
| Pratik Budhdev | Associate | 4.00 | $ 185.00 | $ 740.00 | |
| Mary McClay | Paralegal | 130.30 | $ 230.00 | $ 29,969.00 | |
| **TOTAL** | | 475.73 | | $ 245,528.50 | $ 11,641.00 |

---

* Ms. Ryan and Mr. Roddy's rates increased towards the end of the litigation, but Counsel has elected to keep their billing rates at the initial rate, given that the vast majority of the hours were at the lower rate.

16. My firm sets billing rates for its attorneys and other legal workers on an annual basis in a manner designed to assure that those rates are commensurate with the rates charged by attorneys with similar levels of education, skill and experience in the markets in which they practice. The firm's rates established in this manner have been consistently approved by federal and state courts considering petitions for fee awards in which Bailey & Glasser has served as class counsel.

17. In addition, my firm's 2004 billing rates (then Roddy Klein & Ryan) formed the bases for the courts' approval of the firm's award of fees in two nationwide class action settlements, *In re Household Lending Litig.*, 02-1240-CW (N. D. Cal. April 30, 2004), and *Curry v. Fairbanks Capital Corp.*, 03-10875-DPW (D. Mass. May 12, 2004) (hourly rates of $475 12 years ago), and were described as reasonable and in fact modest in both cases by the supporting affidavit of Alba Conte, current author of *Newberg on Class Actions* (4th ed. 2002) and *Attorney Fee Awards* (2d ed. 1993). My firm's rates have increased by an average of 4% per year since 2004. Our rates have been submitted in multiple class action fee applications since then, including *Powers v. Santander Consumer USA, Inc*., 4:12-cv-11932-TSH (D. Mass. 2014) (court approved $500,000, which represented a lodestar multiplier of 1.25, reflecting hourly rate of $650 per hour in 2014); *Glover v. Bank of America, N.A*., 4:13-cv-40042-TSH (D. Mass. 2015) (court approved percentage of the fund fee of one third, hourly rate was $625 to $700 in 2015); *Hall v. Capital One Auto Fin., Inc.*, 1:08-cv-01181-DCN (N.D. Ohio 2010) (hourly rate of $625 in 2010). *See also Bilewicz v. FMR LLC*, C.A. No. 13-10636-DJC (Oct. 16, 2014) (approving award of attorneys' fees; Bailey & Glasser partner John Roddy's rate of $650 per hour in 2014).

18. The total number of hours is based only on the hours reasonably expended to achieve an excellent result for the class. Members of my firm and co-counsel from the National Consumer Law Center coordinated our efforts in the litigation of this case to ensure that there

was no duplicative or unnecessary work. Because our firm is experienced in litigating actions of this type, we were able to efficiently divide tasks based on expertise.

19. In my opinion, the time expended and expenses incurred in prosecuting this action were reasonable and necessary for the diligent litigation and fair resolution of this matter. The lodestar reflected in the extract does not include all of the time to be devoted to preparing for and appearing at the final approval hearing, or dealing with post-hearing matters.

### Representative Plaintiff

20. Ms. Spence has spent considerable time and effort participating in interviews with counsel, locating and providing documents, reviewing and commenting on pleadings, participating in discovery, including sitting for a deposition, actively participating in all mediation sessions, discussing and approving settlement. She pursued the case for the Class, rejecting a very favorable individual settlement offer at the onset of the case. Accordingly, she should be rewarded and compensated for her devotion to the Class and time and efforts undertaken on behalf of the Class.

Signed under the penalties of perjury this 22nd day of April 2016.

>   */s/ Elizabeth Ryan*
>   Elizabeth Ryan